**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1213

BALLANTYNE VILLAGE PARKING, LLC,

Plaintiff - Appellant,

v.

CITY OF CHARLOTTE,

Defendant - Appellee.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Graham C. Mullen, Senior District Judge. (3:19-cv-00036-GCM)

Argued: May 13, 2020                                    Decided: June 17, 2020

Before THACKER, QUATTLEBUAM, and RUSHING, Circuit Judges.

Vacated by unpublished per curiam opinion.

**ARGUED:** William Robert Terpening, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant. Thomas Edward Powers, III, CITY ATTORNEY'S OFFICE FOR THE CITY OF CHARLOTTE, Charlotte, North Carolina, for Appellee. **ON BRIEF:** Daniel J. Prichard, TERPENING LAW, PLLC, Charlotte, North Carolina, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ballantyne Village Parking, LLC ("Appellant") claims the City of Charlotte ("Appellee") wrongfully deprived it of due process of law in the issuance of a building permit associated with a shopping center in Charlotte, North Carolina. Citing *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), the district court concluded abstention principles required dismissal. On appeal, Appellant contends the district court abused its discretion when it applied *Burford* and dismissed the case.

Because multiple ongoing interrelated disputes render this appeal unripe, we vacate the district court's order and remand the case for dismissal on justiciability grounds.

I.

This case involves three distinct, but related, legal disputes: (1) an arbitration proceeding over a contested easement agreement; (2) this federal suit alleging violations of constitutional guarantees of due process; and (3) the appeal of a building permit obtained through city administrative processes.

A.

The Contested Parking Spaces in the Easement Dispute

When Appellant filed the complaint at issue, it owned a parking lot ("Parcel 3") and a parking deck ("Parcel 4") adjacent to a shopping center ("Parcel 1") owned by a third party, ASVRF SP Ballantyne Village JV LLC ("ASVRF"). As the shopping center was originally planned, ASVRF had fewer parking spaces on Parcel 1 than required by the city's zoning code. As a result, in 2015, ASVRF obtained an easement from Appellant for

2

the use of parking spaces on Parcel 4 in an amount at least equal to the minimum number needed for ASVRF to comply with the city's zoning requirements.

In 2017, ASVRF sought to convert part of Parcel 1 into office space, which would expand the square footage of the shopping center. Per the city's zoning code, this expansion would require Parcel 1 to gain access to an additional 83 parking spaces. ASVRF's construction of the office space was contingent on receipt of a building permit from Appellee, and in turn, this permit was conditioned on Parcel 1 having access to the requisite additional parking spaces. ASVRF believed the 2015 easement it had previously obtained from Appellant automatically entitled it to use 83 additional spaces on Parcel 4. But Appellant maintained that, in order for ASVRF to acquire access to the additional parking spaces, further consideration was required from ASVRF.

The relevant easement agreement provides for a two-step process to resolve this dispute -- an initial determination by an "ombudsman" and subsequent arbitration. If timely appealed to an arbitrator, the ombudsman's decision is nonbinding and nonfinal. ASVRF and Appellant submitted their easement dispute to the ombudsman in July 2018. In September 2018, the ombudsman decided the easement dispute in favor of ASVRF's entitlement to additional parking. ASVRF's attorney notified Appellee of this determination. In turn, the following week, Appellee issued a permit to ASVRF. Still, Appellee reserved the right to revoke the permit if it later determined that Parcel 1 lacked access to the adequate number of parking spaces.

Appellant timely appealed the ombudsman's decision to an arbitrator, thus rendering the ombudsman decision nonbinding and nonfinal. Following arbitration in the

3

fall of 2019, the arbitrator issued a decision, a decision which Appellant indicates still did not fully resolve the easement dispute, and which both parties have indicated only generated further disputed issues.[1] The parties indicate that the arbitrator's determination has yet to be confirmed in Mecklenburg County Superior Court and would be appealable to the North Carolina Court of Appeals pursuant to North Carolina General Statutes section 1-569.28.[2]

B.

The Due Process Claims in Federal Court

In the complaint underlying this appeal, Appellant avers that, while it was attempting to resolve the easement dispute with ASVRF through the prescribed procedures, ASVRF -- unbeknownst to Appellant -- had been communicating with Appellee and urging Appellee's planning personnel to move forward with the permit's issuance despite the ongoing dispute. Appellant further states that, upon learning of the ongoing discussion between ASVRF and Appellee, Appellant reached out to Appellee and asserted its interest in the permit proceeding due to the potential demand for parking on its lot. Appellant expressly asked Appellee to be included on all further communications associated with the

---

[1] In a written award issued December 17, 2019, the arbitrator decided ASVRF is "entitled to access and use parking spaces on [Parcel] 4 provided that they are necessary to meet all governmental zoning and building requirements for [Parcel] 1 and only after [ASVRF] ha[s] exhausted all measures of creating parking spaces that are currently in existence on [Parcel] 1." Appellant's Suppl. Br. Ex. C, at 3–4.

[2] North Carolina General Statutes section 1-569.28 provides in relevant part that "[a]n appeal may be taken from . . . [a]n order confirming or denying confirmation of an [arbitration] award." N.C. Gen. Stat. § 1-569.28(a)(3).

4

permit. Appellant alleges that, despite this request, it was not included in key communications between Appellee and ASVRF. Appellant contends that Appellee issued the permit to ASVRF based on ASVRF's assurance that it was entitled to the additional parking on Parcel 4 per the ombudsman's decision, even though the easement dispute was headed to arbitration, and the ombudsman decision was therefore nonbinding. Appellant contends that its exclusion from the permitting process led to the purportedly wrongful issuance of ASVRF's permit.

Troubled by its exclusion from the permitting process, Appellant filed the instant case in the Western District of North Carolina. Appellant asserted the following eight claims for relief: (1) denial of substantive due process; (2) denial of procedural due process; (3) an equal protection violation; (4) negligence based on Appellee's alleged breach of its duty to provide its citizens with due process; (5) negligence based on Appellee's alleged breach of its obligations to follow its own zoning and planning restrictions; (6) declaratory judgment; (7) preliminary injunction; and (8) permanent injunction.

In the district court proceedings, Appellant moved for a preliminary injunction, and Appellee moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(2), (4), (5) and (7). In its response in opposition to the preliminary injunction motion, Appellee asserted that the district court should decline to exercise jurisdiction because the local zoning issues involved in the case implicate the abstention doctrine recognized in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

Pursuant to *Burford*, federal courts may, in their discretion, abstain from exercising jurisdiction over certain cases involving state and local issues "when the availability of an

5

alternative, federal forum threaten[s] to frustrate the purpose of a state's complex administrative system." *Martin v. Stewart*, 499 F.3d 360, 364 (4th Cir. 2007) (citing *Burford*, 319 U.S. at 331–32). Focusing on the local aspects of the case, the district court agreed with Appellee and decided to abstain. Accordingly, the district court dismissed Appellant's federal claims without prejudice, declined to exercise supplemental jurisdiction over its state law claims, and likewise dismissed the state claims without prejudice. As a result, the district court denied the motions for preliminary injunction and to dismiss as moot. Appellant timely appealed.

C.

The Permitting Dispute in the Zoning Appeals Process

In addition to its easement dispute and the instant federal case, Appellant initiated a direct appeal of Appellee's permitting decision through Charlotte's administrative processes on October 26, 2018.

North Carolina law provides for appeals of zoning and permitting decisions first to a city's Zoning Board of Adjustment ("ZBA"), and then through judicial review via the state court system. *See* N.C. Gen. Stat. § 160A-388. Appellant's ZBA appeal was set to be heard on January 29, 2019, but the ZBA stayed its proceedings in response to Appellant's January 24, 2019 filing of its federal suit.[3]

---

[3] At oral argument, the parties represented that the ZBA proceedings would remain stayed until the conclusion of both this litigation and the resolution of the easement dispute.

6

II.

As summarized above, Appellant is embroiled in three separate, ongoing disputes: (1) the easement dispute which is yet to be confirmed in state court; (2) this federal lawsuit alleging due process violations; and (3) the permitting dispute on appeal to the ZBA, which is currently stayed as a result of this federal lawsuit. Because the outcomes of the other two disputes have as-yet unrealized implications for the federal suit before us, we conclude that we lack subject matter jurisdiction over this appeal.

A.

Ripeness is an issue of subject matter jurisdiction. *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019) (citation omitted). "The ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction . . . ." *Nat'l Park Hosp. Ass'n v. Dep't of Interior*, 538 U.S. 803, 808 (2003) (internal quotation marks omitted). This threshold consideration is "designed to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies," and, where parallel administrative processes are involved, "protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* (internal quotation marks omitted).

By requiring presentation of a controversy in a "clean-cut and concrete form," ripeness doctrine ensures that we only reach questions "when the action is final and not dependent on future uncertainties or intervening . . . rulings." *South Carolina*, 912 F.3d at 730 (internal quotation marks omitted). We decide whether a claim is ripe by assessing

"(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Nat'l Park Hosp. Ass'n*, 538 U.S. at 808 (citation omitted). "[A] case is fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Lansdowne on the Potomac Homeowners Ass'n, Inc. v. OpenBand at Lansdowne, LLC*, 713 F.3d 187, 198 (4th Cir. 2013) (internal quotation marks omitted). Hardship "is measured by the immediacy of the threat and the burden imposed on the plaintiff" if judicial consideration is withheld. *Id.* at 199 (internal quotation marks omitted).

B.

1.

Fitness for Judicial Decision

At this juncture, both of Appellant's other ongoing disputes -- the easement dispute and the zoning dispute -- preclude resolution of Appellant's third dispute, the instant federal case.

a.

First, a legal determination that the easement entitles ASVRF to the contested parking spaces is bound to affect the viability of Appellant's constitutional claims at issue here -- that is, Appellant's claimed right of access to the permitting process hinges on the existence of a legal interest in the disputed 83 spaces. If the easement decision is that ASVRF instead rightfully could claim those parking spaces, Appellant will have been adjudged to lack the property interest it claims was harmed by Appellee's actions. Therefore, without knowing whether Appellant did in fact possess a right to the contested

8

parking spaces, we are being asked to answer the hypothetical question of whether there was a due process violation *if in fact Appellant had a right to the spaces it claims*. The arbitration's outcome with regard to the claimed easement -- which has yet to be confirmed in state court, and which could be contested therein -- threatens to substantially undermine Appellant's claimed property interest and therefore its claimed right of access to the permitting process purportedly affecting that interest.

The issues before us therefore are not "purely legal" because the ownership of the contested spaces remains in dispute. *Lansdowne*, 713 F.3d at 198. Thus, the instant case is not fit for judicial decision at this time because the ongoing easement dispute prevents us from knowing whether Appellant is entitled to the property interest it claims, and "[w]e may not pass upon hypothetical matters." *Artway v. Atty. Gen. of New Jersey*, 81 F.3d 1235, 1248 (3d Cir. 1996).

b.

Appellant appealed the building permit to the ZBA, and that appeal and any further appeal therefrom could result in modification or revocation of the permit. Appellant's claimed injury is that the building permit Appellee issued "completely devalued [Appellant's] parking deck." Appellant's Br. 1. But the building permit as it exists now is already conditional because Appellee reserved the right to revoke the permit if it determines ASVRF lacks the requisite number of parking spaces. And Appellant itself argues that the permit could (and should) be revoked through the ZBA appeal as being inconsistent with Appellee's zoning requirements and procedures.

9

The finality requirement of our ripeness doctrine requires us to consider "whether the initial decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury . . . ." *Williamson Cty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City*, 473 U.S. 172, 193 (1985), *overruled on other grounds by Knick v. Twp. of Scott*, 139 S. Ct. 2162 (2019). Although we do not ignore the fact that Appellant claims past injury from the issuance of the existing permit and that this injury would not be negated should the permit be revoked, we cannot move forward on this aspect of Appellant's case while the status of the injury-causing permit is still debated. This is precisely the kind of "premature adjudication" the Supreme Court's ripeness decisions counsel us to avoid. *Abbott Labs. v. Gardner*, 387 U.S. 136, 148 (1967), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977).

2.

Hardship

Turning to the hardship prong, we fail to see how delay of our decision places Appellant in the kind of "direct and immediate" dilemma that motivates this aspect of the ripeness inquiry. *See Abbott Labs*, 386 U.S. at 152. To the extent Appellant's injury is not wholly speculative, that is, does not entirely hinge on the easement dispute's resolution in its favor and on the finality of the building permit, any injury has already occurred. Indeed, Appellant repeatedly stresses that its past exclusion from Appellee's permitting process constitutes the violation in this case. But, of note, Appellant appears to have been afforded the opportunity to contest the permit decision as "a person aggrieved" per Appellee's zoning procedures. *See* Appellant's Suppl. Br. Ex. A, at 5. Therefore, if Appellee violated

10

Appellant's right to due process in excluding it from predecisional permitting discussions, we will be no less able to evaluate that alleged injury once the uncertainties in this case have been resolved. In the meantime, Appellant is not suffering a present injury from any future contemplated event such that our action is required at this time to avoid an immediate threat to Appellant's interests.[4]

## III.

"If a dispute is not a proper case or controversy, the courts have no business deciding it, or expounding the law in the course of doing so." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341 (2006). If the easement dispute is ultimately resolved in Appellant's favor or the building permit does indeed become final through the zoning appeals process, the door to federal court will remain open. But for now, until those determinations come to pass, we cannot exercise jurisdiction over the federal claims resting on Appellant's projected -- but as yet unrealized -- outcomes in these other disputes.

We therefore vacate the district court's order citing *Burford* abstention and remand for resolution consistent with this opinion.

*VACATED*

---

[4] We note that Appellant has since sold the parking spots at issue to a third party.